## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INFORMED CONSENT ACTION NETWORK,<br>2025 Guadalupe Street, Suite 260<br>Austin, Texas 78705<br><br>                   Plaintiff,<br>    -against-<br><br>NATIONAL INSTITUTUES OF HEALTH<br>c/o U.S. Department of Health, General Counsel<br>200 Independence Avenue, S.W.<br>Washington, D.C. 20201<br><br>  -and-<br><br>U.S. DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES,<br>200 Independence Avenue SW<br>Washington, DC 20201,<br><br>                 Defendants. | Civil Action No. 1:23-cv-926 |

## COMPLAINT

Plaintiff Informed Consent Action Network ("**ICAN**" or "**Plaintiff**") brings this action against National Institutes of Health ("**NIH**") and U.S. Department of Health and Human Services ("**HHS**" and together with NIH, "**Defendants**") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("**FOIA**"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## PARTIES

3.      Plaintiff ICAN is a not-for-profit organization with an office located at 2025 Guadalupe Street, Suite 260, Austin, Texas 78705.

4.      Defendant NIH is an agency within the Executive Branch of the United States Government. NIH is an agency within the meaning of 5 U.S.C. § 552(f). NIH as possession, custody, and control of records to which Plaintiff seeks access.

5.      Defendant HHS is an agency within the Executive Branch of the United States Government. HHS is an agency within the meaning of 5 U.S.C. § 552(f) and has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

6.      On March 8, 2023, the congressional Select Subcommittee on the Coronavirus Pandemic held a hearing on "Investigating the Origins of COVID-19" to gather facts about the origins of SARS-CoV-2, the virus that causes COVID-19.[1] At that hearing, Dr. Robert Redfield, former director of the U.S. Centers for Disease Control and Prevention ("**CDC**"), testified that SARS-CoV-2, the virus that causes COVID-19, likely originated from an accidental lab leak in Wuhan, China ("**lab leak theory**"). The Subcommittee reported that "[h]is conclusion [was] based on the biology of the virus itself and unusual actions in and around Wuhan in 2019, including gain-of-function research at the Wuhan Institute of Virology (WIV)."[2]

7.      The lab leak theory has been part of the public debate since the beginning of the COVID-19 pandemic in 2020. This debate is best illustrated by a now controversial publication

---

[1]     https://oversight.house.gov/release/covid-origins-hearing-wrap-up-facts-science-evidence-point-to-a-wuhan-lab-leak%EF%BF%BC/.

[2] *Id*.

published on February 19, 2020 in The Lancet that stated "[w]e stand together to strongly condemn conspiracy theories suggesting that COVID-19 does not have a natural origin."[3]

8.      A crucial piece to understanding the origin of SARS-CoV-2 is sequencing collected early in the pandemic.[4] Therefore, it became deeply concerning to the scientific community and congressional delegates when Jesse D. Bloom, a researcher at Seattle's Fred Hutchinson Cancer Research Center in the Howard Hughes Medical Institute, discovered that "a data set containing SARS-CoV-2 sequences from early in the Wuhan epidemic [had been] deleted from the NIH's Sequence Read Archive."[5] It appears the request to remove the data stemmed from Chinese researchers associated with the Chinese Communist Party, who were also linked to the original submission of the data.[6]

9.      Due to the significant public and scientific importance of having access to all early genetic sequences of SARS-CoV-2, understanding the circumstances surrounding the submission and subsequent removal of such data from NIH's Sequence Read Archive ("**SRA**") remains vitally important.

---

[3] https://www.thelancet.com/journals/lancet/article/PIIS0140-6736(20)30418-9/fulltext. Part of the controversy stems from the fact that the authors of the publication declared they had "no competing interests," yet documents later revealed that Peter Daszak, President of EcoHealth Alliance, who received millions of dollars of taxpayer funding to genetically manipulate coronaviruses with scientists at the Wuhan Institute of Virology, was heavily involved in the organizing and authorship of The Lancet publication; see https://usrtk.org/covid-19-origins/ecohealth-alliance-orchestrated-key-scientists-statement-on-natural-origin-of-sars-cov-2/.

[4] https://www.biorxiv.org/content/10.1101/2021.06.18.449051v1.full.pdf.

[5] https://news.yahoo.com/nih-defends-deleting-covid-19-000500673.html.

[6] *See Id.*; *see also* https://www.hawley.senate.gov/sites/default/files/2021-06/Hawley-Letter-NIH-COVID.pdf.

10.     Therefore, on February 10, 2022, Plaintiff submitted two FOIA requests to NIH

seeking copies of the following records:

[FOIA Request #57839 (IR#0706)]

1. A copy of "the request to remove the data in June 2020"
referenced in the following article: https://news.yahoo.com/nih-
defends-deleting-covid-19-000500673.html. . .

2. All communications regarding "the request to remove the data in
June 2020" referenced in the following article:
https://news.yahoo.com/nih-defends-deleting-covid-19-
000500673.html. . .

3. All communications regarding the removal of "the data in June
2020" referenced in the following article:
https://news.yahoo.com/nih-defends-deleting-covid-19-
000500673.html. . .

**[FOIA Request #57840 (IR#0707)]**

All documents concerning the NIH's "review" of data removed
from the National Center for Biotechnology Information's (NCBI)
Sequence Read Archive (SRA) data system, in light of the findings
of Jesse D. Bloom, and his publication titled *Recovery of deleted
deep sequencing data shed more light on the early Wuhan SARS-
CoV-2 epidemic* as referenced in the following article:
https://news.yahoo.com/nih-defends-deleting-covid-19-
000500673.html. . .

(**Exhibit 1** at 9-10 & 17-18.)

11.     More than nine months later, on November 28, 2022, NIH issued a final response

for each request. (**Exhibit 1** at 25-29.)

12.     The documents produced by NIH redacted all information identifying the

individual who requested that the SARS-CoV-2 sequence be removed from the SRA. The name

and other information of the agent(s) tasked with communicating with the aforementioned

individual was also redacted. In numerous respects, NIH failed to properly justify its redactions

under Exemption 6. In addition, NIH's search was not adequate. For example, based on what NIH

produced, there are many positive indications of overlooked responsive materials. (*See* Exhibit 1 at 1-7.)

13.     Plaintiff filed a joint administrative appeal ("**appeal**") for FOIA Requests #57839 and #057840 on February 15, 2023 challenging the adequacy of the search and legitimacy of the redacted materials withheld under FOIA's Exemption 6 for both requests. (**Exhibit 1** at 1-7.)

14.     On February 16, 2023, HHS sent a formal acknowledgment of its receipt of Plaintiff's joint appeal, which assigned the requests Case No. 2023-00088-A-PHS and 2023-00089-A-PHS respectively, and stated in relevant part the following:

> Pursuant to 5 U.S.C. § 552(a)(6)(B)(i) and 5 U.S.C. § 552(a)(6)(B)(iii) of the FOIA and 45 CFR 5.24(f) of the HHS FOIA regulations, your appeal falls under "unusual circumstances" in that our office will need to consult with another office or agency that has substantial interest in the determination of the appeal.

(Exhibit 2.)

15.     In violation of the time limits prescribed by 5 U.S.C. § 552(a)(6)(A)(ii) and 5 U.S.C. § 552(a)(6)(B)(i), as of the date of this Complaint, HHS has failed to make a determination with respect to Plaintiff's appeal.

## COUNT I
## FAILURE TO MAKE DETERMINATION BY REQUIRED DEADLINE
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

16.     Plaintiff realleges paragraphs 1 through 14 as if fully stated herein.

17.     Defendants were required to make a final determination on Plaintiff's appeal no later than March 31, 2023.

18.     Defendants failed to make a final determination on Plaintiff's appeal within the time limits set by FOIA; therefore, Plaintiff is deemed to have exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(A)(ii); 5 U.S.C. § 552(a)(6)(B)(i); and 5 U.S.C. § 552(a)(6)(C)(i).

19.     Defendants made no good faith attempts to discuss with Plaintiff how it could effectively limit the scope of the request.

20.     Defendants are in violation of FOIA.

## COUNT II
## FAILURE TO ESTABLISH AN ADEQUATE SEARCH
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

21.     Plaintiff realleges paragraphs 1 through 18 as if fully stated herein.

22.     For appeal Case No. 2023-00088-A-PHS and 2023-00089-A-PHS, Defendants have failed to establish that it adequately searched for responsive records despite Plaintiff's challenge to same in Plaintiff's appeal.

23.     Defendants are in violation of FOIA.

## COUNT III
## IMPROPER REDACTIONS OF RECORDS
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

24.     Plaintiff realleges paragraphs 1 through 21 as if fully stated herein.

25.     For appeal Case No. 2023-00088-A-PHS and 2023-00089-A-PHS, Defendants have failed to establish the validity of their claimed exemption despite Plaintiff challenging the same in Plaintiff's appeal.

26.     Defendants are in violation of FOIA.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a.      Declare that Defendants current and continued delay in processing Plaintiff's FOIA appeal is unlawful under FOIA;

b.      Declare that Defendants have failed to conduct an adequate search for responsive records as required by FOIA;

      c.      Declare that Defendants improperly withheld responsive records under Exemption 6;

      d.      Order Defendants to conduct searches for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests;

      e.      Order Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under any claimed exemption;

      f.      Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests;

      g.      Enjoin Defendant CDC from charging any fees for the FOIA request since the agency failed to comply with time limits under FOIA;

      h.      Maintain jurisdiction over this action until Defendants comply with FOIA and all orders of this Court;

      i.      Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

j.      Grant Plaintiff such other relief as the Court deems just and proper.


Dated:   April 4, 2023                    SIRI & GLIMSTAD LLP

                                          */s/ Aaron Siri*
                                          Aaron Siri, DC Bar ID NY0537
                                          Elizabeth A. Brehm, DC Bar ID NY0532
                                          Colin M. Farnsworth, DC Bar ID OR0022

                                          Siri & Glimstad LLP
                                          745 Fifth Avenue, Suite 500
                                          New York, New York 10151
                                          Tel: (212) 532-1091
                                          aaron@sirillp.com
                                          ebrehm@sirillp.com
                                          cfarnsworth@sirillp.com

                                          *Attorneys for Plaintiff*