UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INFORMED CONSENT ACTION NETWORK, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 23-0926 |
| NATIONAL INSTITUTES OF HEALTH. Et Al. | ) ) ) ) ) | |
| Defendants. | ) ) | |

## **ANSWER**

Defendants the U.S. Department of Health and Human Services ("HHS") and its component, the National Institutes of Health ("NIH"), (collectively "Defendants") hereby answer Plaintiff Informed Consent Action Network's Complaint (the "Complaint"), (ECF No. 1). All allegations not specifically admitted, denied, or otherwise responded to below are hereby denied. To the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Moreover, Defendants reserve the right to amend, alter and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to the Defendant through the course of this litigation.

Defendant responds to the separately numbered paragraphs as follows:

## JURISDICTION AND VENUE[1]

1. Paragraph 1 consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants admit that this Court has subject matter jurisdiction over proper Freedom of Information Act ("FOIA") actions.

2. Paragraph 2 consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants admit that venue is proper.

## PARTIES

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4. Defendants admit the allegations in the first sentence of Paragraph 4. The second and third sentences of Paragraph 4 consist of conclusions of law, to which no response is required. To the extent a response to the allegations in the second and third sentences of Paragraph 4 is required, Defendants deny those allegations.

5. Defendants admit the allegations in the first sentence of Paragraph 5. The second sentence of Paragraph 5 consists of conclusions of law, to which no response is required. To the extent a response to the allegations in the second sentence of Paragraph 4 is required, Defendants deny those allegations.

---

[1] For ease of reference only, Defendants' Answer largely replicates the headings contained in the Complaint. Although Defendants believe that no response is required to such headings, to the extent a response is required and to the extent those headings could be construed to contain factual allegations, those allegations are denied.

## **STATEMENT OF FACTS**

6. The allegations in paragraph 6 do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests.

7. The allegations in paragraph 7 do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests.

8. The allegations in paragraph 8 and its associated footnote do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests. To the extent this paragraph contains factual allegations to which a response is required, Defendants respectfully refer the Court to the cited articles for a complete and accurate statement of their contents.

9. The allegations in paragraph 9 do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence and/or extent of any public interest, including as compared to any countervailing interests.

10. Paragraph 10 consists of Plaintiff's characterizations of its two FOIA requests, to which no response is required. Defendants respectfully refer the Court to those FOIA requests, attached to Plaintiff's Complaint, for a complete and accurate statement of their contents.

11. Admit.

12. Paragraph 12 consists of Plaintiff's characterization of the documents produced by NIH and the searches performed by NIH, to which no response is required. To the extent a response is deemed required, Defendants aver that the produced documents speak for themselves and are the best evidence of their contents. NIH denies that it improperly withheld information and denies that it did not perform an adequate search.

13. Defendants admit that HHS received an administrative appeal from Plaintiff dated February 15, 2023. The remainder of the allegations in this paragraph consist of Plaintiff's characterization of that appeal, to which no response is required. Defendants respectfully refer the Court to the administrative appeal, attached to Plaintiff's complaint, for a complete and accurate statement of its contents.

14. Defendant admits that it acknowledged Plaintiff's appeal on February 16, 2023. The remainder of the allegations in this paragraph consist of Plaintiff's characterization of that acknowledgement to which no response is required. Defendants respectfully refer the Court to the

acknowledgement, attached to Plaintiff's complaint, for a complete and accurate statement of its contents.

15. Paragraph 15 consists of conclusions of law, to which no response is required.

## COUNT I

16. Defendants repeat the responses to the foregoing paragraphs and incorporates them as though fully set forth herein.

17. Paragraph 17 consists of conclusions of law, to which no response is required. To the extent a response is required, Defendants deny.

18. Paragraph 18 consists of conclusions of law, to which no response is required. To the extent a response is required, Defendants admit that Plaintiff exhausted its administrative remedies.

19. Deny.

20. Deny.

## COUNT II

21. Defendants repeat the responses to the foregoing paragraphs and incorporates them as though fully set forth herein.

22. Paragraph 22 consists of conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 22.

23. Deny.

## COUNT III

24. Defendants repeat the responses to the foregoing paragraphs and incorporates them as though fully set forth herein.

25. Paragraph 25 consists of conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 25.

26. Deny.

The remaining paragraph in the Complaint consists of Plaintiff's prayer for relief, to which no response is required. Defendants deny that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

### First Defense

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief to the extent that they exceed the relief authorized under FOIA. *See* 5 U.S.C. § 552.

### Second Defense

The FOIA requests that are the subject of this lawsuit seek the production of certain information that is protected from disclosure by one or more statutory exemptions. Disclosure of such information is not required or permitted. *See* 5 U.S.C. § 552(b).

### Third Defense

Plaintiff is not entitled to declaratory relief.

### Fourth Defense

Plaintiff is neither eligible for nor entitled to attorneys' fees.

\*   \*   \*

Dated: May 8, 2023
Washington, DC

                        Respectfully submitted,

                        MATTHEW M. GRAVES, D.C. Bar #481052
                        United States Attorney

                        BRIAN P. HUDAK
                        Chief, Civil Division

                        By: *John J. Bardo*
                            JOHN J.  BARDO
                            D.C. Bar # 1655534
                            Assistant United States Attorney
                            601 D Street, NW
                            Washington, DC 20530
                            (202) 870-6770

                        *Attorneys for the United States of America*